## JACKMAN Will Case (Motion as to costs of appeal).

*Probate of Will: Costs on Appeal.*

1. It is usual for the estate to pay the costs of proving a will, including those of the contestants.
2. Sec. 36, ch. 264, Laws of 1860, which provides that the party prevailing in this court on any appeal "may have taxed in his favor the costs and disbursements consequent on such appeal," does not require the court in every case to make the unsuccessful party pay costs.
3. The will in this case having been contested in good faith, with probable cause, although the judgment of the circuit court in favor of the contestants was reversed, their costs and disbursements on the appeal are ordered to be paid out of the estate.

MOTION in Supreme Court.

*L. F. Patten* and *John Winans*, for the motion.

*Cassody & Merrill* and *Bennett & Norcross, contra.*

COLE, J. . This is a motion to have the costs and disbursements consequent upon the reversal of the judgment of the circuit court herein, paid out of the estate. We think the motion should be granted. There are certainly no peculiar circumstances about this case which require the contestant to pay the costs. He had probable cause for contesting the validity of the will, and seems to have acted in good faith in the matter. It would, therefore, appear to be in accordance with the ordinary principles of justice, and likewise in harmony with the practice in cases of this character, to order that the costs be paid out of the estate. But it is claimed that section 36, chap. 264, Laws of 1860, throws upon the unsuccessful party the costs in this court. That section provides that the party prevailing in the supreme court on any appeal, may "have taxed in his favor" the costs and disbursements consequent on such appeal. This language, however, is not imperative. It does not render it incumbent upon the court in all cases to make the unsuccessful party pay costs. It establishes a general rule, which the court would only depart from in special cases. But the contest in respect to the probate of a will stands upon peculiar grounds. When the will is offered for probate, all concerned may appear and contest the probate thereof. Chap. 97, R. S. And the authorities cited upon the brief of counsel who make this motion, show that the usual practice is for the estate to pay the costs of proving the will; not only the costs of the party seeking to establish the will, but also those of the party contesting the same. And as the statute just referred to does not deprive this court of all discretion in this matter, we think it

is in accordance with the usual practice in these cases to direct the costs to be paid out of the estate.

*By the Court.*—Motion granted.